# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Christopher Sinnard, et al.,<br><br>        Plaintiffs,<br><br>vs.<br><br>Deutsche Bank NA, et al.,<br><br>        Defendants. | 2:24-cv-01715-GMN-MDC<br><br>**ORDER DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS (EFC NO. 1)** |

    Pro se plaintiffs Christopher Sinnard and Keria Boston filed a single *Application To Proceed In Forma Pauperis* ("IFP"). ECF No. 1. The Court DENIES the single IFP application without prejudice as both plaintiffs must apply for IFP status on their own applications. If the plaintiffs decide to refile, they must each file a separate long form IFP application, so that there is one IFP application for each plaintiff.

## DISCUSSION

    Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor." The Ninth Circuit has recognized that "there is no formula set forth by statute, regulation, or case law to determine when someone is poor enough to earn IFP status." *Escobedo v. Applebees*, 787 F.3d 1226, 1235 (9th Cir. 2015). An applicant need not be destitute to qualify for a waiver of costs and fees, but he must demonstrate that because of his poverty he cannot pay those costs and still provide himself with the necessities of life. *Adkins v. E.I DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

    The applicant's affidavit must state the facts regarding the individual's poverty "with some

particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (citation omitted). If an individual is unable or unwilling to verify his or her poverty, district courts have the discretion to make a factual inquiry into a plaintiff's financial status and to deny a request to proceed in forma pauperis. See, e.g., *Marin v. Hahn*, 271 Fed.Appx. 578 (9th Cir. 2008) (finding that the district court did not abuse its discretion by denying the plaintiff's request to proceed IFP because he "failed to verify his poverty adequately"). "Such affidavit must include a complete statement of the plaintiff's personal assets." *Harper v. San Diego City Admin. Bldg.*, No. 16cv00768 AJB (BLM), 2016 U.S. Dist. LEXIS 192145, at 1 (S.D. Cal. June 9, 2016). Misrepresentation of assets is sufficient grounds in themselves for denying an in forma pauperis application. *Cf. Kennedy v. Huibregtse*, 831 F.3d 441, 443-44 (7th Cir. 2016) (affirming dismissal with prejudice after litigant misrepresented assets on in forma pauperis application).

The District of Nevada has adopted three types of IFP applications: a "Prisoner Form" for incarcerated persons and a "Short Form" (AO 240) and "Long Form" (AO 239) for non-incarcerated persons. The Long Form requires more detailed information than the Short Form. The court typically does not order an applicant to submit the Long Form unless the Short Form is inadequate, or it appears that the plaintiff is concealing information about his income for determining whether the applicant qualifies for IFP status. When an applicant is specifically ordered to submit the Long Form, the correct form must be submitted, and the applicant must provide all the information requested in the Long Form so that the court is able to make a fact finding regarding the applicant's financial status. See *e.g. Greco v. NYE Cty. Dist. Jude Robert Lane*, No. 215CV01370MMDPAL, 2016 WL 7493981, at 3 (D. Nev. Nov. 9, 2016), report and recommendation adopted sub nom. *Greco v. Lake*, No. 215CV001370MMDPAL, 2016 WL 7493963 (D. Nev. Dec. 30, 2016). "[w]here there are multiple plaintiffs in a single action, the plaintiffs may not proceed in forma pauperis unless all of them demonstrate inability to pay the filing

fee." *Martinez v. Lutz*, 2018 U.S. Dist. LEXIS 137515, 2018 WL 3924266, at *1 (E.D. Cal. Aug. 14, 2018).

      Plaintiff Sinnard filed a single short form IFP application on behalf of himself and his co-plaintiff Boston. ECF No. 1. Plaintiff Sinnard leaves questions one and eight completely blank. *Id.* Sinnard states that he has no wages, no sources of income, and no money in his bank account. Although his handwriting is difficult to read, in response to question five which asks about his assets, he appears to state that he owns a hummer that is worth $80,000. *Id.* at 3. In response to question six which asks about his expenses, he states "N/A" which presumably means he believes this question is non-applicable to him. *Id.* In response to question seven, he states that he financially supports his partner and co-plaintiff. *Id.* Sinnard leaves question eight, which asks about his financial obligations, completely blank. Since plaintiff Boston did not fill out her own IFP application, the Court does not know her financial status.

      The Court finds that plaintiff Sinnard's IFP application is incomplete and that plaintiff Boston did not complete an IFP application. The Court cannot determine if either plaintiff qualifies for IFP status. The Court will allow both plaintiffs another opportunity to show that he qualifies for IFP status. Both plaintiffs must submit separate Long Form applications. Plaintiffs must answer all questions on the long forms with detailed explanations about their individual incomes and expenses. Plaintiffs cannot leave any questions blank or respond that a question is "N/A" without an explanation.

      IT IS SO ORDERED THAT:

1. Plaintiffs' *Application To Proceed In Forma Pauperis* (ECF No. 1) is DENIED without prejudice.

2. By **December 4, 2024**, plaintiffs shall either (1) file the separate long form applications to proceed in forma pauperis as specified in the Court's order or (2) plaintiffs must pay the full fee for filing a civil action.

3. Failure to timely comply with this Order may result in a recommendation that this case be dismissed with prejudice.

## NOTICE

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, plaintiffs must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. **Failure to comply with this rule may result in dismissal of the action.**

It is so ordered.

DATED  November 4, 2024.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge